UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:04-m-631-MAP

MICHAEL L. JOHNSON

        Defendant.
_____/

## DETENTION ORDER

The Defendant is charged with producing and distributing child pornography. *See* 18 U.S.C. §§ 2251(a) and 2252A(a)(1). Because there is probable cause to believe he committed these offenses, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e). After the benefit of a detention hearing, I find by clear and convincing evidence that the Defendant has not rebutted the presumption that he is a danger to the community.

The Defendant is a lifelong resident of this area. By his own admission, he also has had a long term fascination with child pornography and pedophilia. In 1988, a state court judge placed him on ten years probation for committing lewd and lascivious acts on a child. Unfortunately, this lengthy supervision did not alter the Defendant's behavior. For the better part of the last five years, the Defendant has photographed a child (now 15 years old) he considers like a stepson. These photographs show the boy and another minor engaging in sexual acts. The Defendant admitted to arresting agents that he distributed these photos to others on the Internet. He also admitted collecting like photos.

I have considered whether conditions of release could be fashioned thereby assuring public safety. For example, the Defendant argued his family is willing to post property to secure his release. A condition of release could prohibit Internet access. He could live with his parents who would monitor his activities and prohibit contact with minors. Yet, I do not find these conditions enough. The Defendant has lived with his parents practically all his life. Despite sharing the same house, the Defendant continued to practice his sexual fascination with young boys. Moreover, this case is not the usual child pornography type prosecuted in this division. This case involves more than collecting illicit child images. Here, the Defendant acted on his urges and either sexually molested a child or witnessed these acts. Given his prior record, his lengthy supervision, and his addiction to this prohibited conduct, it is

ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant shall be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in

connection with a court proceeding.

DONE and ORDERED, at Tampa, Florida, on December 17, 2004.

*[signature]*

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record
United States Marshals Service
Pretrial Services