**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                              **Case No: 8:05-cr-12-T-27MSS**

**MICHAEL LEROY JOHNSON**
_____/

**PRETRIAL DISCOVERY ORDER AND**
**NOTICE OF TRIAL AND STATUS CONFERENCE**

The Defendant having been arraigned and in order to facilitate a self-executing procedure to

regulate discovery proceedings in the instant action and to eliminate or minimize the number of "routine

or standard discovery motions",

IT IS HEREBY ORDERED AND ADJUDGED:

1.      That upon request by the defendant, at arraignment or in writing thereafter, counsel for the

Government shall, not later than fourteen (14) days from the date of this order (unless otherwise specified

in a particular paragraph), comply with the discovery and disclosure requirements set forth below:

A.      The Government shall furnish the following information and documents or supply copies
        thereof, which are within the possession, custody or control of the Government the
        existence of which is known to the Government.

    1.      All written, recorded or oral statements made by the defendant, including grand
            jury testimony, as defined in Rule 16(a)(1)(A).

    2.      The defendant's prior criminal record as defined in Rule 16(a)(1)(B).

    3.      Documents and tangible objects which are material to the preparation of the
            defense or were obtained from or belong to the defendant or are intended for use
            by the Government in its case-in-chief, as defined in Rule 16(a)(1)(C).  In
            addition, the Government shall notify the defendant of all tape-recordings or
            video-recordings obtained during the investigation regardless of whether the
            recordings will be used in the Government's case-in-chief or contain statements
            of the defendant.

    4.      Results or reports of physical or mental examination, and of scientific tests or
            experiments, which are material to the preparation of the defense, or are intended
            for use by the Government, as defined in Rule 16(a)(1)(D).

5. At the defendant's request, the Government shall disclose to the defendant a written summary of testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. This summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications. Rule 16(a)(1)(E)(1993 amend-ment).

B. The Government shall advise its agents and officers involved in this case to preserve all rough notes.

C. The Government shall state whether defendant was identified in any lineup, showup, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

D. The Government shall state whether any evidence to be introduced at trial, or leads therefrom, was obtained as a result of a search warrant issued under Rule 41, Fed. R. Crim. P.

E. The Government shall state whether the defendant was the subject of electronic surveillance as defined in Title 18, United States Code, Section 2510(11), and if so, shall set forth in detail the circumstances thereof, including copies of the application(s), affidavit(s) and order(s).

II. At an appropriate time and after considering any written requests made to the Government by defendant(s):

A. The Government shall reveal to the defendant and permit inspection and copying of all information and material known to the Government which may be favorable to the defendant on the issue of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

B. The Government shall disclose to the defendant the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective Government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois 360 U.S. 264 (1959). The Government shall supply the defendant with a record of prior convictions of any witness who will testify for the Government at trial.

III. A. Reciprocal Discovery: Any defendant requesting discovery of those items specified in Rule 16(a)(1)(C) and (D) shall promptly disclose to the Government all documents and tangible items and reports of examinations and tests to be introduced at trial as defined in Rule 16(b)(1), Fed. R. Crim. P. (reciprocal discovery).

B. Rule 404(b) Evidence: Not later than fourteen (14) days prior to trial, the Government shall advise the defendant of the general nature of any evidence which it intends to introduce at trial pursuant to Rule 404(b), Fed. R. Evid., including any extrinsic act evidence which may be used for impeachment or rebuttal purposes. See Fed. R. Evid. 404 advisory committee's note (1991 amendment).

IV.        It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly-discovered information or other material within the scope of this Standing Order.

V.    A.    All motions and memoranda concerning matters not covered by this Order must be filed within thirty (30) days after receipt of the government's Rule 16(a) discovery, and responses must be filed within ten (10) days thereafter subject to the certification requirements of B, below.

        B.    The Court will not entertain any motion relating to discovery unless counsel for the moving party certifies to the Court, in writing: (1) that counsel for the parties have been unable to resolve their differences or reach an agreement after holding a conference or that opposing counsel has refused to confer without good cause; and (2) that the motion concerns matters which are not covered by this order and that the relief requested is supported by a factual and legal showing as set forth in the motion and memorandum.

This case is set before the **Honorable James D. Whittemore**, United States District Judge:

FOR TRIAL TERM of February 28, 2005.

FOR STATUS CONFERENCE on February 11, 2005, at 9:00 a.m.

**(NOTE:  IF ABOVE NOT FILLED IN, THE TRIAL DATE/TIME, STATUS CONFERENCE DATE/TIME, AND DISTRICT JUDGE WILL BE DETERMINED AT A LATER DATE.)**

**AFTER THE FIRST DAY OF THE TRIAL TERM, ALL COUNSEL SHALL BE AVAILABLE AND READY FOR THE TRIAL UPON 24 HOURS NOTICE.**

DONE and ORDERED at Tampa, Florida this 26th day of January, 2005.

Copies to:
    Counsel of Record
    District Judge Courtroom Deputy

MARY S. SCRIVEN
United States Magistrate Judge