UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:05-cr-12-T-27MSS

MICHAEL LEROY JOHNSON

**NOTICE OF MAXIMUM PENALTY, ELEMENTS OF OFFENSE,
PERSONALIZATION OF ELEMENTS AND FACTUAL BASIS**

**COUNTS ONE AND TWO-Production of Child Pornography**

Counts One and Two each charge the Defendant with production of child pornography and aiding and abetting the production of child pornography, based on two separate child victims, in violation of Title 18, United States Code Sections 2251(a) and 2. The essential elements of a violation of 18 U.S.C. § 2251(a), Production of Child Pornography, are as follows:

First:    That the Defendant employed, used, persuaded, induced, enticed, or coerced any minor to engage in sexually explicit conduct,

Second:   For the purpose of producing any visual depiction of such conduct; and

Third:    That the visual depiction was mailed, shipped, or transported in interstate or foreign commerce by any means, including a computer.

**COUNT THREE-Possession of Child Pornography**

Count Three charges the defendant with Possession of Child Pornography in violation of Title 18 U.S.C. § 2252A(a)(5)(B). The elements required to prove a violation

of 18 U.S.C. § 2252A(a)(5)(B), Possession of Child Pornography, are as follows:

<u>First</u>: That the Defendant knowingly possessed a visual depiction;

<u>Second</u>: That such visual depiction was mailed, shipped or transported in interstate or foreign commerce by any means including computer;

<u>Third</u>: That such visual depiction is of a minor engaged in sexually explicit conduct; and

<u>Fourth</u>: That the Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of a minor engaged in sexually explicit conduct.

**COUNT FOUR-Distribution of Child Pornography: 18 U.S.C. § 2252A(a)(1):**

The elements required to prove a violation of 18 U.S.C. § 2252A(a)(1),

Distribution of Child Pornography, are as follows:

<u>First</u>: That the Defendant knowingly mailed, transported or shipped a visual depiction in interstate or foreign commerce by any means including by computer;

<u>Second</u>: That the production of such visual depiction involved the use of a minor engaged in sexually explicit conduct;

<u>Third</u>: That such visual depiction is of a minor engaged in sexually explicit conduct; and

<u>Fourth</u>: That the Defendant knew that at least one of the performers in such visual depiction was a minor and knew that the visual depiction was of a minor engaged in sexually explicit conduct.

<u>PENALTY</u>

Counts One and Two of the Indictment each carry a mandatory minimum term of imprisonment of twenty-five (25) years up to fifty (50) years based on the defendant's prior felony conviction relating to the sexual exploitation of children to wit: Leud and

Lacivious Conduct, on or about August 16, 1988, in Case No.: 88-CF-9468,  a fine of $250,000, and a term of supervised release of not more than five (5) years.  Count Three carries a minimum mandatory ten (10) years imprisonment up to a maximum of twenty (20) years, a fine of $250,000, and a term of supervised release of three (3) years.  Count Four carries a minimum mandatory term of imprisonment of fifteen (15) years up to a maximum of forty (40) years, a fine of $250,000, and a term of supervised release of five (5) years.  Each count also carries a special assessment of $100 per felony count thereafter; said special assessment to be due on the date of sentencing.

## FACTUAL BASIS

The defendant, Michael Johnson, and others, conspired to produce child pornography.  Between January, 2002, and January, 2005, exact dates unknown, Johnson met with minor males and took sexually explicit photos of them.  With one of the minor victims, the defendant took sexually explicit photographs of the child at his own residence in Hillsborough County, as well as another conspirator's residence in Hillsborough County in the Middle District of Florida.  The defendant distributed these images over the internet via America Online whose servers are located in Virginia.  The child reported being given drugs and alcohol during the meetings in which the child pornography was produced.  The defendant and others engaged in sexual acts with the child and pictures of the sexually explicit conduct were taken and then transmitted via a computer.  The defendant used the computer listed in the forfeiture section to transmit the child pornography images.  A search of the defendant's residence and computer

showed that the defendant possessed numerous images of child pornography consisting of sexually explicit photographs of local minor males.

        Respectfully submitted,

        PAUL I. PEREZ
        United States Attorney

By:   *s/ Amanda C. Kaiser*
      AMANDA C. KAISER
      Assistant United States Attorney
      Florida Bar No.  083984
      400 North Tampa Street, Suite 3200
      Tampa, Florida  33602
      Telephone:   (813) 274-6315
      Facsimile:    (813) 274-6103
      E-mail:         amanda.kaiser@usdoj.gov

U.S. v. MICHAEL LEROY JOHNSON	Case No. 8:05-cr-12-T-27MSS

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    A. Fitzgerald Hall

                                            *s/ Amanda C. Kaiser*
                                            AMANDA C. KAISER
                                            Assistant United States Attorney
                                            Florida Bar No.  083984
                                            400 North Tampa Street, Suite 3200
                                            Tampa, Florida  33602
                                            Telephone:   (813) 274-6315
                                            Facsimile:    (813) 274-6103
                                            E-mail:         amanda.kaiser@usdoj.gov