UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

****************************

Civil No._____

D.C.Dkt. No. 8-05-CR-12-T-27MSS

****************************

MICHAEL L. JOHNSON,
Petitioner,


versus


UNITED STATES OF AMERICA,
Respondent,

******************************


**MEMORANDUM OF LAW AND SUPPORTING AFFIDAVIT IN SUPPORT
OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY
A PERSON IN FEDERAL CUSTODY, PURSUANT TO 28 U.S.C. §2255**

******************************


MICHAEL L. JOHNSON, PRO SE
REGISTER #42544-018
USP COLEMAN-1
POST OFFICE BOX 1033
COLEMAN, FL.33521-1033


******************************

FILED

2007 APR -6  AM 10: 45

CLERK U S DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL LEROY JOHNSON,        )
    Movant/Petitioner,    )
                     )
                     )
vs.                           )          Case No. 8:05-CR-12-T-27MSS
                     )          Civil Case No.
                     )
UNITED STATES OF AMERICA)
    Respondent,            )
_____)

## MEMORANDUM OF LAW AND SUPPORTING AFFIDAVIT IN SUPPORT OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the Petitioner, Michael L. Johnson, pro se, herein, and respectfully submits to this Honorable Court his memorandum of law and supporting affidavit in support of his motion to vacate, set aside, or correct sentence by a person in federal custody, pursuant to 28 U.S.C. § 2255, and also submits unto this Honorable Court the following in support thereof:

## JURISDICTION

This Court has jurisdiction pursuant to the Civil Rules governing 28 U.S.C. § 2255 motions to vacate, set aside, or correct a sentence.

- 1 -

## ISSUE ONE

**WHETHER COUNSEL RENDERED INEFFECTIVE ASSISTANCE**
**WHERE COUNSEL RENDERED ERRONEOUS   ADVICE   ABOUT**
**THE LENGTH OF IMPRISONMENT**

Petitioner contends that an ineffective assistance of  counsel  claim  are generally limited to collateral review. **United States v. Fry**, **51 F.3d 543, 545 (CA5. 1995).** Petitioner Johnson claims that his Court appointed counsel should be rendered "Ineffective"  by  this Court for the failure to properly  advise Petitioner that he would be facing the maximum sentence of 140 years  for  his guilty plea.

In order to prevail on a claim of ineffective assistance  of  counsel  the Petitioner must establish that (1) his counsel's representation fell below  an objected standard of reasonableness, and (2) that but for  the  deficiency  in representation, there is a  reasonable  probability  that  the  result  of the proceedings would have been different. **Strickland v. Washington**, **466 U.S.  668 (1984).**

Thus, the Petitioner must show that counsel's performance  was  below  a Constitutional standard, and that he suffered prejudice as a  result  of  that performance.

Petitioner would show this Court that but  not  for  counsels'  erroneous advice about the sentence he would  receive  for  pleading guilty,  Petitioner would have insisted on proceeding to trial.

Petitioner asserts during an attorney/client meeting prior to the  change of plea hearing, counsel  instructed  Petitioner  to  just  answer the Judge's questions with a yes or  no  answer,  and  do  not  say  anything about  what

- 2 -

was discussed about the sentence you would receive. In other words counsel instructed Petitioner should, in all cases, respond affirmatively ("just say 'yes'") to any question that the Magistrate Judge might ask you during the plea hearing.

**Rule 32(d), Federal Rules of Criminal Procedure, states that:**

> "...[A] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea..."

Petitioner, Johnson, asserts to this Court that a manifest injustice and fundamental unfairness have occurred in the instant case as a result of court appointed counsel's "Ineffectiveness". Petitioner contends that he would "not" have pleaded guilty had Petitioner been advised about the true consequences of his guilty plea, specifically, (but not limited) to the length of imprisonment.

Petitioners' decision to enter a guilty plea was based solely on counsels' misrepresentations and gross mistranslations to Petitioner about the length of imprisonment. A criminal defendant, such as Petitioner in the instant case, is entitled to effective assistance of counsel at every stage of the proceedings. Petitioner contends that he was denied effective assistance of counsel, as guaranteed by the Sixth Amendment to the United States Constitution because counsels' erroneous advice to Petitioner about the true consequences of his guilty plea. Petitioner asserts that counsels' representation fell below an objective standard of reasonableness, and that Petitioner was prejudiced by counsels' actions and erroneous advice, because Petitioner would not have pleaded guilty, and would have insisted on proceeding to trial.

- 3 -

Petitioner Johnson would contend that when, as in case in chief, the misadvice of a lawyer is so gross as to amount to a total denial of effective assistance of counsel, leading the Petitioner, as it did in the instant case, to enter an improvident guilty plea, striking the sentence and permitting with the withdrawal of the plea is a necessary consequence of the deprivation of the right to effective assistance of counsel. **Holmes v. United States**, **876 F.2d 1545, 1542 (11th Cir. 1989).** The gravamen of Petitioners' claim is that counsel provided misinformation, misadvice about the true penalties Petitioner would be facing if he pleaded guilty.

Petitioner Johnson, would show the Court the dictates of the Supreme Court in **Boykin v. Alabama**, 395 U.S. 238, 23 L.Ed.2d 274 at 279, 89 S.Ct. 1709, stated that:

"...[I]gnorance, coercion, terror, inducement, subtle or blatant threats might be a cover-up for unconstitutionality.."

Petitioner's claim here is that because counsel never informed him of the true and accurate penalties for pleading guilty, and that counsel himself did not know the law surrounding the penalties for these crimes, Petitioner would not have pleaded guilty and insisted on proceeding to trial.

Petitioner recognizes that a guilty plea is an admission of all the elements of a formal charge, it cannot truly be voluntary unless a defendant, such as the Petitioner in the instant case, possesses an complete understanding of the law and penalties involved in relation to the facts. **McCarthy v. United States**, 394 U.S. 459 at 466 (1969).

Petitioner contends that in order for a guilty plea such as Petitioners' to be knowingly and intelligently entered, a defendant must not only have the

- 4 -

mental competence to understand and appreciate the nature and consequences of
a plea, but also that he be reasonably be informed of the legal options and
alternatives that are available to defendant. **LoConte v. Dugger**, 847 F.2d 745
**(11th Cir. 1988).**

When entering a plea of guilty the plea must be voluntarily and intellig-
ently made. Petitioner's plea in the instant case was not made knowingly, because
the       information received from counsel was erroneous, and that  Petitioner
could not have made an intelligent decision to plead guilty.

This misadvice cost Petitioner Johnson a (140) year sentence. Had Petitioner
been made aware of the true penalties involved in his guilty plea, and that
proceeding to trial would have been a more strategic decision.

Rule 11 gives effect to constitutional Due Process requirements that guilty
pleas be made voluntarily, knowingly, and intelligently made by mandating
procedural design to ensure defendants' understanding of the charges and the
consequences of their pleas. **United States v. Noriega-Millan**, 110 F.3d 162, 166
**and 167 (1997).** During the plea hearing in the instant case, Magistrate Judge
informed Petitioner Johnson that he faced a possible minimum of 25 years to 50
years on counts 1 and 2 and 15 years to count four,  see sentencing transcript
page 11 line(s) 12 thru 25.

If the Petitioner succeeds in showing a fair and just reason for withdraw-
ing his plea, the burden shifts to the government to show that it would be
prejudiced by the withdrawal. **United States v. Muriel**, 111 F.3d 975, 978 (1997).
Additionally, Rule 32(e) was amended in 1983 to state that all post-sentence
motions to withdraw guilty pleas should be made in a collateral proceeding
pursuant to 28 U.S.C. § 2255.

- 5 -

Furthermore, many courts have treated the § 2255 standard of "miscarriage of justice" as identical to the preamendment standard of "manifest injustice". **United States v. Teller**, 762 F.2d 569, 574 (7th Cir. 1985).

Petitioner Johnson, contends that during pre-trial counsel advised Johnson that he should plead guilty to the charged crimes because he would only receive a sentence in the range of somewhere between 25 to 30 years, and if Petitioner would to proceed to trial if found guilty by the jury he could be subjected to a more lengthier sentence, and by pleading guilty he also would receive a three level reduction in his base offense level.

Counsel, should have informed Petitioner by pleading guilty he could be subjecting himself to a maximum penalty of 140 years and that proceeding to trial would be in his best interest, because he would not have to prove his innocence, that the government would have to prove his guilt beyond a reasonable doubt, and that this decision was totally up to him.

The court in **Strickland,** stated that the purpose of effective assistance of counsel guarantees that the Sixth Amendment is to ensure that criminal defendants receive a fair trial, this holding also effects the Petitioner in sentencing. **Strickland** states a Court must:

> "Judge the reasonableness of counsels' challenged conduct on the facts of the particular case, viewed as of the time of counsels conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment. The court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. In making that determination, the court should keep in mind that counsels' function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case".Id. at 690.

- 6 -

In addition, had counsel taken the proper steps in investigating the  law and the true consequences of the penalties that Petitioner would face in pleading guilty to the charged crimes, counsel in giving the erroneous advice about the sentence that Petitioner would receive by pleading guilty rendered counsels' performance deficient and prejudiced the Petitioner, by subjecting  Petitioner to a sentence beyond the statutory maximum.

Thus, counsel should be rendered ineffective by informing Petitioner that he would only be subjected to sentence of 25 to 30 years, and that if  Johnson proceeded to trial that he would in fact receive a much lengthier imprisonment, this was clearly violative of the Petitioner's Sixth Amendment right, right to effective assistance of counsel. **Esslinger v. Davis**, **44 F.3d 1515, 1529-30(11th Cir. 1995)**-Citing Guilty plea advice was ineffective assistance, because counsel recommended guilty subjected to enhance penalty under habitual offender statute without adequately investigating defendant's prior criminal history.

Furthermore, in **United States v. McCoy**, **215 F.3d 102, 108 (D.C. Cir. 2000)** the court held that erroneous advice that defendant accepted the plea he would face 188 to 235 months in prison, when in fact he would be  facing  266 to 327 months in prison under the plea of guilty, was ineffective assistance of counsel.

Therefore, as in the instant case where counsel informed Petitioner Johnson that he would be subjected to a sentence somewhere in  the  range  of 25 to 30 years in prison, but reality he would be facing 140 years in  prison  would be ineffective assistance of counsel violating Petitioner's Sixth Amendment right.

It is clear that judgments made prior to  and  during  sentencing  in  the
instant case, counsel rendered ineffective assistance of counsel, where, counsel
did not know himself the law concerning the penalties the Petitioner would  be
subjecting himself to. (Sentencing Transcript, Side Bar):

**Sentencing Transcript Page 10**

| | |
|---|---|
| 1 | Mr. Hall: I'll let the ladies go first. |
| 2 | Ms. Kaiser: Judge, one issue. We were-- |
| 3 | Mr. Hall and I have been talking about ways that we |
| 4 | might be able to short circuit this hearing, and |
| 5 | still achieve the right result. |
| 6 | Mr. Hall and I, neither one of us anticipated, |
| 7 | quite honestly, that this guy would score out to 140 |
| 8 | years. We thought that what the statute provided, |
| 9 | 25 to 50 would be sufficient to cover this guy. We |
| 10 | had no idea that he would score out to what he's |
| 11 | scored out. |
| 12 | I don't think Mr. Hall necessarily objects to |
| 13 | the way the guidelines are calculated; it's more of |
| 14 | a question of what did we anticipate. We really |
| 15 | didn't anticipate him being so high. |
| 16 | Mr. Hall and I have discussed it. He was |
| 17 | advised this defendant was advised that he faced |
| 18 | a maximum of 50 years in his plea colloquy. I think |
| 19 | that's significant. I don't think, without giving |
| 20 | him appellate issues, he should be sentenced to any |
| 21 | more than 50. |
| 22 | But just talking to Mr. Hall about what we |
| 23 | thought would be a reasonable sentence, we think-- |
| 24 | the government thinks somewhere in the range of 30 |
| 25 | is appropriate. Mr. Hall thinks somewhere in the |

- 8 -

ᏝᏚ.

**Sentencing Transcript Page 11**

| | |
|---|---|
| 1 | range of 25 is appropriate. But Mr. Hall is willing |
| 2 | to waive any of those objections, and he's discussed |
| 3 | it with the defendant. If the court were to give a |
| 4 | sentence of 30 years, he would waive his objections |
| 5 | and achieve a reasonable sentence for the defendant. |
| 6 | THE COURT: Is there any reason we can't have |
| 7 | this discussion on the record as opposed to side |
| 8 | bar? |

Petitioner Johnson, has clearly demonstrated that not for counsel's erroneous advice about the maximum penalties and the length of the sentence of 25 to 30 years as opposed in reality to 140 years, Petitioner Johnson would have insisted on proceeding to trial.

Further, Petitioner has shown that he was prejudiced in the instant case (1) the misadvice counsel rendered about the type of sentence he would receive and (2) Petitioner was prejudiced by counsel's incompetence by failing to pro- perly research the law regarding the maximum penalties Petitioner was subjecting himself to by his guilty plea.

Thus, Petitioner, contends that had he known of counsel's errors prior to entering his guilty plea, Petitioner Johnson would have demanded to counsel to proceed to trial, especially in this situation whereas, Johnson was facing (140) years of imprisonment. This advice from counsel is clearly violative of Johnson's due process right to effective assistance of counsel. And the only way to resolve this issue is for this Honorable Court to conduct an evidentiary hear- ing in regards to Petitioner's claim of ineffective assistance of counsel, for erroneous advice given about sentencing penalties to induce a guilty plea.

- 9 -

Therefore, this Honorable Court should find that Petitioner Johnson's plea was not voluntarily, knowingly, or intelligently made, that to find that Johnson would in fact enter into a plea of guilty, would be an insult to Petitioner especially to enter a plea to a 140 year prison sentence, because anyone in there right state of mind would never have entered a guilty plea to such a sentence, unless the Petitioner was completely incompetent and was not in his right state of mind.

Petitioner, did not have a capital sentence, and/or death was not nor could have been imposed in his sentence. To except a guilty plea to a 140 year sentence from any one individual would be impenetable by nature.

Due Process requires that a defendant not be sentence on basis of misinformation of a constitutional magnitude. **United States v. Tucker**, **404 U.S. 443, 447 (1972).** In the instant case the Petitioner has clearly shown that his plea of guilty to a 140 year sentence induced by the erroneous advice of counsel is of a constitutional magnitude for which the Court abused it's discretion by excepting the guilty plea from Petitioner.

Whereas, this Honorable Court should set aside Johnson's guilty plea and vacate the judgment of conviction, and allow the Petitioner to enter a plea of not guilty to the charged indictment, whereas, Johnson has clearly shown this Court that the guilty plea entered in the instant case was done in a manner that was violative of the Petitioner's Fifth and Sixth Amendment rights to the United States Constitution.

- 10 -

## ISSUE TWO
WHETHER COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING
TO  PROPERLY INVESTIGATE PRIOR CONVICTION USED TO  ENHANCE
PETITIONER TO A SENTENCE BEYOND  THE  ADVISORY  GUIDELINES
AND WHERE PRIOR CONVICTION WAS OBTAINED UNCONSTITUTIONALLY

To avoid procedural bar, accused need only to show a constitutional violation resulted in the conviction of one who was actually innocent. **Schlup v. Delo**, 513 U.S. _____, 130 L.Ed.2d 808, 115 S.Ct. _____, (1995).

The Supreme Court further held in **Murray v. Carrier**, 477 U.S.  478,  488, 106 S.Ct. 2639, 2645 91 L.Ed.2d 297 (1986), instructed that were a constitutional violation has probably resulted in the  conviction  of  one  who  is  actually innocent, federal habeas court may grant the writ even in  the  absence  of  a showing of cause for the procedure defult.

In **United States v. MayBeck**, 23 F.3d 888 (4th Cir. 1994), **the court found that,** "actual innocence" exception to "cause and prejudice" to  require for consideration of issue despite  procedural  default  extends  to  non-capital sentencing designation for which he was actually innocent and, therefore,  was entitled to relief despite any procedural default.

If one is actually innocent of the sentence imposed,  a  federal  habeas court can excuse the procedural default  to  correct  a  fundamentally unjust incarceration. **Dugger v. Adams,** 489 U.S. 401, 411 n.6, 109 S.Ct. 1211. 1217 n. 6, 103 L.Ed.2d 435 (1989).

Counsel rendered ineffective assistance  in  the  instant  case,  when he failed to properly investigate the impact the use of the prior conviction would have on Petitioner Johnson, and where counsel  did  not  properly  investigate prior conviction for the validity of it's use, even after Petitioner had  told counsel that the prior the government sought to use for  enhancement  purposes was defective. Petitioner would assert that his current federal conviction and

sentence are jurisdictionally defective, constitutionally infirm, and tainted, because it was obtained in violation of his right to effective assistance, during critical stages of the criminal proceedings and because his sentence was "enhanced" based upon prior conviction that were obtained in violation of his absolute right under the Sixth Amendment to the constitution of the United States, right to effective assistance of counsel during critical stages of the criminal proceedings, and the prior criminal proceedings, Johnson has repeatedly suffered anew from violations of his right to effective assistance of counsel.

Rodriguez v. United States, 395 U.S. 327, at page 329-30, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.ED.2d 300 (1988); Daniels v. United States, 532 U.S. 374 at pages 382, 121 S.Ct.1578 149 L.Ed.2d 590 (2001).

In the instant case, the record shows that counsel failed to file any objections and/or investigate the use and/or penalties by the use of Petitioner's prior conviction, to make sure that he was provided assistance of counsel, or effective assistance of counsel for all the critical stages of the criminal proceedings, including but not limited, direct appeal to challenge jurisdictional defects or the voluntariness of his pleas in those prior proceedings. Further, the record shows that counsel had no idea about the impact Petitioner's prior would have on his sentencing range, and had no idea on how the effect of the prior conviction would make such a substantial change in the sentencing table, from the advisory guideline to the maximum statutory application.

During pre-trial Petitioner made several references to his counsel about his prior convicitons that the government was intending on using in the pre sentencing report, Petitioner questioned counsel on how the prior convictions would effect his sentencing range in his sentencing range, and that the

- 12 -

prior conviction that the government intended on using to score Petitioner  to

a minimum mandatory sentence was obtained in violation of his Sixth  Amendment

Right to assistance and/or effective assistance ꞌ of counsel. Petitioner, relied

only on the information given him by his counsel that he would only be subjected

to the lowest minimum range of those sentencing guidelines and that  he  could

not challenge the prior conviction of it's validity.

The Sixth Amendment guarantees, "in all criminal prosecutions, the accused

shall enjoy the right to have assistance of counsel for his defense".

In **Gideon v. Wainwright**, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963),

the Supreme Court overruled prior precedent and,  held  that  the  Fourteenth

Amendment mandated the Sixth Amendment right to assistance of  counsel  to  be

obligatory to all the states. **Gideon** established  an  unequivocable  principle

that a state court  conviction  of  an  accused  defendant  without  advising,

furnishing, offering and providing assistance  of  counsel  for  all  critical

stages was a, "unique constitutional defect rising to the level of a jurisdict-

ional defect which warrants special treatment". **Jackson v. Miller**, 260 F.3d 769,

774 (7th Cir. 2001)-citing **Lackawanna v. Coss**, 531 U.S. 923, 121 S.Ct. 1567,149

**L.Ed.2d 608 (2001); Daniels v. U. S.**, 532 U.S. 374, 121 S.Ct. 1578, 149 **L.Ed.2d**

**(2001).** The **Gideon** principle continues and extends through all critical stages

of the criminal proceedings it is beyond debate that, criminal defendants have

a right to assistance of counsel not only at trial but also  at  all  critical

stages of the prosecution. **Jackson v. Miller**, 260 F.3d 769 775 (7th Cir. 2001)

and this right to assistance of counsel certainly continues and extends through

all of the critical stages of the criminal proceedings.

- 13 -

30.

The Supreme Court has already rejected the notion that a prisoner cannot unknowingly or involuntarily waive his right to assistance of counsel for an appeal, or any other critical stages, it is settled that were assistance of counsel is a constitutional requisite, the right to be furnished counsel does not depend on a request.

Actual or constructive denial of assistance of counsel for any stage of the criminal proceedings is considered a jurisdictional defect and given such special treatment because, more than any other right guaranteed by the Bill of Rights regarding the function of justice, the right to counsel is paramount, for it is the medium through which all other guarantees are made a reality.

Furthermore, just as counsel's performance in the instant case demonstrates that the actions taken by him were a complete denial of counsel, because, (1) counsel refused to investigate prior convictions that Petitioner Johnson had given him information that the prior conviction was constitutionally infirm and that his attorney in the prior conviction refused to file an appeal after the request was made. (2) Where counsel in the instant case failed to inform the Petitioner the true consequences of the penalties that he would be facing when Petitioner entered into a guilty plea as opposed as proceeding to trial. (3) Counsel himself did not know the law concerning Petitioner's penalties that were going to be applied to Petitioner on him entering a guilty plea.

Since it is obvious from the record, counsel did not investigate Johnson's prior convictions and did not object to the use of those prior convictions, and where attorneys failed to fulfill adequate procedural protections to ensure that Johnson was advised, offered or provided assistance of counsel in any of his prior convictions that were used by the government and the court to enhance

- 14 -

Johnson's current federal sentence, that Johnson was in fact denied assistance of counsel in those prior criminal proceedings and now he is denied effective assistance of counsel in the instant case.

The Supreme Court and others have repeatedly declared that under these circumstances the prisoner is entitled to use a 28 U.S.C. § 2255 motion to challenge his current federal sentence, because the current sentence is now constitutionally defective, infirm, and tainted, since they are based upon, or enhanced by misinformation of a constitutional magnitude, even if the prior convictions are expired, fully served, or no longer open to direct or collateral attack, the 28 U.S.C. § 2255 remedy can be used to challenge the current federal sentence based upon priors obtained in violation of the prisoner's rights.

This ground asserted by Petitioner Johnson rises to the levels of a Jurisdictional defect and warrants special treatment and which the Court always has a duty to examine or recognize. **Daniels v. United States**, 532 U.S. 374 (2001).

Wherefore, for the above stated claims of ineffective assistance of counsel this Honorable Court should vacate Petitioner Johnson's judgment of conviction and/or conduct an evidentiary hearing in order that these claims of ineffectiveness can be resolved by the judicial process.

32 .

## ISSUE THREE

WHETHER GOVERNMENT AGENTS COMMITTED MISCONDUCT IN THE
EXECUTION OF SEARCH WARRANT AND INDUCING PETITIONER TO
ADMIT HIS GUILT

On or about December 16, 2004, a search warrant was executed at the residence of Petitioner, located on North Boulevard, Tampa, Florida. After the house was secure S/A Holland and Task force agent Dubord accompained Petitioner Johnson to a bedroom to conduct an interview. Petitioner was advised of his Miranda warinings at approximately 6:42 a.m., and Petitioner subsequently sign- ed a waiver of those rights form in the presence of the agents.

Petitioner Johnson provided the following information, (1) He was employ- ed as a truck driver, that he worked approximately 70-80 hours a week. (2) That he lives at the residence with his father, mother, and his brother. (3) That he and his brother have one computer in their bedrooms, and they do not use each others computers.

During all of this time the lead agent S/A Holland was acting as a repr- esentive of the U.S. Attorney's Office by information Petitioner Johnson that if he would cooperate with the investigation that the court would go easy on him and that he would be released on a bond if he would admit to the pictures and to all of the charges involved. Furthermore, during this interview S/A Holland threatened Petitioner Johnson, that if he did not cooperate with them he would go to prison for 140 years. This would be considered outrageous cond- uct and a violation of Petitioner Johnson's Due Process right. **United States v Russell**, 411 U.S. 423, 432, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973) - The court recognized that it could be confronted someday "with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.

- 16 -

**Rochin v. California**, 432, U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952)." Such conduct by law enforcement would violate, the court acknowledged, that "fundamental fairness, shocking to the universal sense of justice", mandated by due process clause of the Fifth Amendment. Russell, id. at 432, quoting **Kinsella v United States ex rel. Singleton**, 361 U.S. 234, 246, 80 S.Ct. 297, 4 L.Ed.2d 268 (1960).

Petitioner Johnson was in fact intimidated by the actions of S/A Holland and other agents in the investigation and that Johnson felt that if he did not say what the agents wanted him to say he would be locked up in prison for the rest of his life, and would not be able to communicate with his family and other friends. Petitioner Johnson was actually coerced in admitting his guilt and involvement in the crimes charged, by S/A Holland to admit he was guilty of the crimes and pictures.

Further, these threats were further inplanted when Petitioner Johnson' own counsel cooperated with government agents to induce a guilty plea from him in telling Johnson that if he did not cooperate with the government and that the judge would be upset with him if he did not plead guilty, and that there was no defense for him to take against these charges since you had admitted to the pictures. This display of counsel's own misconduct and ineffectiveness clearly violates Petitioner Johnson's Fifth and Sixth Amendment Rights and these violations clearly prejudiced Petitioner's outcome in the criminal proceedings.

WHEREFORE, this Honorable Court should vacate the judgment of conviciton or conduct an evidentiary hearing, whereto Petitioner Johnson may show that his Fifth and Sixth Amendment Rights were violated.

- 17 -

## ISSUE FOUR

WHETHER COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING
TO OBJECT TO SENTENCING ERROR IN ACCORD TO <u>UNITED STATES V.
JONES</u>, 899 F.2d 1097, 1103 (11th Cir. 1990).

It is well settled that the due process clause requires  the  prosecution

to prove beyond a reasonable doubt all of the elements included in  definition

of the offense of which the defendant is charged. <u>Patterson v. New York</u>, 97 S.

Ct. 2319 (1977). Any factual findings that influence the determination of  the

sentencing range must be made by a jury beyond a reasonable doubt  to  survive

Sixth Amendment scrutiny. <u>Jones v. U.S.</u>, 119 S.Ct. 1215 (1999); <u>United States</u>

<u>v. Jones</u>, 899 F.2d 1097, 1103 (11th Cir. 1990). A court's power in  sentencing

is limited by the facts alleged in the indictment or plea  agreement  must  be

found by the jury. Addressing the specific issue then under consideration, the

<u>Apprendi</u> court held:

> Any fact that increases the penalty for a crime beyond
> the prescribed statutory maximum must be submitted to a
> jury, and proven beyond a reasonable doubt. 120 S. Ct.
> 2362-2363.

But this was not decided in a vacuum the logic, purpose and  language  of

<u>Apprendi</u> make clear that the specific resolution of the precise issue regarding

a "maximum sentence", results from  the  broader  principle,  more  accurately

characterized as a greater level of punishment. <u>Apprendi</u>v<u>New Jersey</u>, 120 S.Ct.

2365.

Wherefore, for the failure of counsel to object to the  manner  in  which

PEtitioner Johnson was sentence and the court's failure to afford an opportunity

for Johnson to object to this type of sentencing was clearly in  violation  of

<u>Jones</u> making this a <u>Jones error.</u> <u>United States v. Jones</u>, 899 F.2d 1097, 1103 (

11th Cir. 1990) rendering counsel's performance deficient and prejudicing  the

Petitioner.

- 18 -

Thus, here for this Honorable Court, after a plea of guilty to the charges with the remaining charged dismissed, (1) does the application of the federal sentencing guidelines violate Petitioner's Sixth Amendment right to have a jury determine the predicate enhancements and not the (PSI) report or by the Court. The Supreme Court has clarified this in **United States v. Booker**, 543 U.S. (2005) In a separate opinion, Supreme Court justice Bryer, concluded that in light of this holding that any court that enhances a defendant's sentence, absent a finding by a jury violates the Sixth Amendment.

Therefore, the sentencing enhancements pursuant to the U.S.S.G. increasing Petitioner Johnson's sentencing range for an upward departure were "Un-Constitutionally Imposed", and in violation of his Sixth Amendment right to have a jury verdict determine the predicate enhancements, where Petitioner Johnson did not plead guilty nor was found by a jury to enhance Petitioner's sentence absent a jury's findings, violates the law and causes any enhancements levied against Johnson to be "Un-Constitutionally Imposed".

The Supreme Court has acknowledged the difficulty of meeting the proof beyond a reasonable doubt standard in the context of sentencing error. Thus, for instance, in **Arozona v. Fulminate**, 499 U.S. 279, 302 (1991), the court reversed **Fulminate's** capital conviction because of the admission of a confession that was later determined to have been coerced. In the course of conducting harmless error analysis, the court observed (albeit in dicta), "Although the sentencing judge might have reached the same conclusion even without the confession to Anthony Sarivaola, it is impossible to say so beyond a reasonable doubt".

- 19 -

This court expressed a similar sentiment in <u>Antonakopoulis</u>, 399 F.3d at 78:

> On trial error claims, because there is a record of
> all evidence introduced or excluded at trial, it is
> often easier to determine whether there was any
> likely effect on the verdict of guilt, than it is
> to predict the effect here of a possible new and
> more lenient sentence under the <u>Booker</u> regime.

The court recently explained the government's burder:

> When the government has the burden of addressing
> prejudice, as in excusing preserved error as
> harmless on direct review of the criminal convi-
> ction, it is not enough to negate an effect on
> the outcome of the case. <u>Chapman v. Calofornia</u>,
> 386 U.S. 18, 24 (1967) (the court must be able to
> declare a belief that constitutional error was
> harmless beyond a reasonable doubt).

<u>United States v. Dominguez Benitez</u>, 124 S.Ct. 2333, 2339 n. 7 (2004).

In <u>Neder v. United States</u>, 527 U.S. 1. 18 (1999), the court explained the

harmless error beyond a reasonable doubt standard as follows: Is it clear beyond

a reasonable doubt that a rational jury would have found the defendant guilty

absent the error? The court found the error in <u>Neder</u> to be harmless because the

defendant had not contested the issue of materiality which was omitted as an

element of the offense from the jury instructions. The court cited as an example

of a case where the government would be unable to meet its burden:

> If, at the end of that examination of the record, the court
> cannot conclude beyond a reasonable doubt that the jury
> verdict would have been the same absent the error for example,
> where the defendant contested the omitted element and raised
> evidence sufficient to support a contrary finding it should
> not find the error harmless. 527 U.S. at 19.

In <u>Satterwhite v. Texas</u>, 486 U.S. 249, 258 (1988), the court recognized

the difficulty of determining whether a sentencing error is harmless. Moreover

the evaluation of the consequences of an error in the sentencing phase of a

capital case may be more difficult because of the discretion that is given to

sentencer.

There, the court reversed a sentence of death because the state could not prove beyond a reasonable doubt that the sentence of death would have been the same even without admission of the improperly admitted evidence. The court explicitly held incorrect the lower court's opinion that the evidence supporting death was sufficient, noting that the question was whether the state had proven beyond a reasonable doubt that the error complained of, did not contribute to the verdict obtained 486 U.S. at 258-59.

Petitioner Johnson's sentence enhancement pursuant to U.S.S.G. are Un-Constitutionally imposed, and Petitioner's sentence is also in violation of the law because of the dictates of **United States v. Booker**, 543 U.S. (2005). Johnson sentencing enhancements were incorrectly applied because he pleaded guilty to only two victims and was not tried before a jury, because only a jury's verdict could determine that Petitioner is guilty for purposes of enhancements pursuant to the U.S.S.G. and absent a jury's verdict the enhancements are Un-Constitutional and thereby being in violation of the law. **United States v. Ford**, C.A. 5 (Tex), (1993), 996 F.2d 83, Cert. denied, 114 S.Ct. 704, 510 U.S. 1050 120 L.Ed. 670.

Therefore, this Court must review this issue because reviewing of the sentence by the court under the sentencing guidelines is confined to determining whether the sentence was imposed in violation of the law or was a result of an incorrectly imposed application of the sentencing guidelines. **United States v. Shipley**, C.A. 5, (Tex.) (1992), 993 F.2d Cert. denied 113 S.Ct. 348, 506 U.S. 925, 121 L.Ed.2d 263, also see **United States v. Garcia**, C.A. 5, (Tex.) (1992), 962 U.S. F.2d 479, 128 (ALR), Fed. 753, Cert. denied 113 S.Ct. 292, 506 U. S. 902 L.Ed.2d 217.

- 21 -

Thus, the decision rendered in **United States v. Booker**, 543  U. S.  (2005)
the federal sentencing guidelines are  Un-Constitutional,  specifically  where
the district court sentenced Petitioner to enhanced penalties pursuant to it's
own fact findings and or by it's own preponderance of evidence it is a violation
of Petitioner Johnson's Fifth and Sixth Amendment right, when the court  makes
it's own predicate findings that were not listed in the indictment and or found
by a jury verdict. Petitioner's numerous base level increases pursuant to U.S.
S.G. is un-constitutional pursuant to the decision in **Booker**, the Numerous level
increases pursuant to the U.S.S.G. are un-constitutional because a jury didn't
reach the enhanced predicates pursuant to it's verdict.

Wherefore, for all the above stated facts and law surrounding this  claim
of ineffective assistance of counsel and the error the  court  committed  this
Honorable Court should vacate the judgment of conviction, and  or  conduct  an
evidentiary hearing, so Petitioner may be afforded an opportunity to have this
claim of ineffective assistance of counsel addressed by judicial review.

### ISSUE FIVE

WHETHER FUNDAMENTAL AND JURISDICTIONAL DEFECTS, MISCARRIAGE
OF JUSTICE, AND ACTUAL INNOCENCE CLAIMS ARE ASSERTED

It would be a miscarriage of justice for this Court to fail to address each of the Petitioner's claims or grounds on their merits.

The actual innocent rational remains firmly rooted in the testing of allegedly erroneous factual determinations of guilt at the convictions stage or factual determinations underlying eligibility for the penalty.

In the instant case Petitioner Johnson has demonstrated and shown that fundamental defects, and jurisdictional defects have occurred, where Petitioner has been denied effective assistance of counsel, and has made a bona fide claim that he is actually innocent of the criminal history category classification, and penalty enhancements that have been imposed upon him pursuant to the U.S.S.G. see, Johnson's verified §2255 motion, where Johnson's asserted grounds for relief in his §2255 motion rises to the levels of jurisdictional defects, that warrant special treatment. Jackson v. Miller, 260 F.3d 769 at page 774(7th Cir. 2001) Even if they were procedurally defaulted as a result of Ineffective assistance of counsel during the criminal proceedings.

Moreover, Petitioner Johnson asserts he is actually innocent of the criteria of the criminal history category and the calculations made in the (PSI) and, expressly relied upon at sentencing under the U.S.S.G., and actually innocent of the criteria necessary for the enhanced punishment or penalties imposed during the sentencing hearing and because during prior criminal proceedings, and where Petitioner was never advised offered, or provided assistance of counsel for critical stages of the criminal proceedings, to challenge the plea and the jurisdictional defects that may have occurred.

- 23 -

Except for the obvious differences in the severity of the sentences, there are little difference between holding that a defendant can be innocent of  the acts required to enhance a sentence in a death case and  applying  a  parallel rational in non capital cases, the length of a  defendant's  sentence  may  be aggravated by in either a capital or non-capital case would,  unless  excepted from the cause and prejudice requirements would suffer the same general conse- quences in a enhanced sentence from being responsible for an act of  which  he or she is actually innocent. **Blakely v. Washington**, 542 U.S.  (2004);   **United States v. Booker**, 375 F.3d 508 (7th Cir. 2004). Petitioner Johnson argues that any sentencing enhancement authorized by the U.S.S.G. violates his Sixth Amend- ment right, beyond a reasonable doubt, insofar as it permits a judge  to  find facts that were essential to the punishment, rather than a jury.

It is well settled that due process clause  requires  the  prosecution  to prove beyond a reasonable doubt all of the elements included in the difinition of the offense of which the defendant is charged. **Patterson v. New York**, 97 S. Ct. 2319 (1977). Any factual findings that influences the determination of the sentencing range must be made by a jury beyond a reasonable doubt standard  to survive Sixth Amendment scrutiny. **Jones v. U.S.**, 119 S.Ct.1215 (1999). A courts' power in sentencing is limited by the facts alleged in the indictment or  plea agreement must be found by the jury. Addressing the specific issue then  under consideration the Apprendi court held any fact that increases the penalty  for a crime beyond the prescribed statutory maximum be submitted to  a  jury,  and proven beyond a reasonable doubt. 120 S.Ct. at 2362-63.

Therefore, for the application used in the Pre-Sentence Report to enhance Petitioner Johnson's sentence to an upward departure from the guidelines is  a violation of Johnson's Sixth Amendment Right to proof beyond a reasonable doubt

- 24 -

<u>U.S. v. Marrero</u>, 2004 Wl. 1576622, (S.D. N.Y. July 2004); <u>U.S. v. King</u>, #6-04-CR-35-ORL-31-KRS, (2004). Petitioner Johnson neither admitted nor stipulated to any of these enhancements during the criminal proceedings.

## CONCLUSION

WHEREFORE, based upon the verified §2255 Motion, and based upon the grounds, claims and reasons, and authorities shown herein, Michael L. Johnson respectfully requests this Honorable Court to vacate the judgment of conviction, and/or conduct an evidentiary hearing so Petitioner may be afforded an opportunity to have his claims reviewed by the judicial process, unless the government admits that all of the facts and claims and grounds asserted by Petitioner Johnson are true and correct.

Dated: ___April 03_____2007.


Respectfully submitted

/s/ _____

Michael L. Johnson, pro se
Register No. 42544-018
USP Coleman-1
Post Office Box 1033
Coleman, Fl. 33521-1033

- 25 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a true and correct copy of the fore-going 28 U.S.C. § 2255 Motion has been forwarded to all interested parties listed below via U.S. Mail, postage pre-paid sufficiently on this _03_ day of _April_____2007.


Copies To:

United States District Court
Middle District of FLorida
Office of the CLerk
Sam M. Gibbons US Courthouse
801 North Florida Avenue
Tampa, Florida 33602

Assistant US Attorney
US Attorney's Office
400 North Tampa St.
Tampa, Fl. 33602

Respectfully Certified

/s/ _Michael J. Johnson_

Michael L. Johnson, pro se

- 26 -